43 F.3d 1473
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick MONDIE, Defendant-Appellant.
 No. 94-5237.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1994.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges; and ZATKOFF,* District Judge.
 PER CURIAM.
 
 
 1
 Defendant, Patrick Mondie, pled guilty to one count of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). As a condition of his plea he reserved the right to appeal the District Court's denial of his motion to suppress. He now brings that appeal, and we affirm.
 
 I.
 
 2
 On the evening of February 8, 1993, Officer Carlos Davis of the Memphis Police Department was responding to a call in a residential area. On his way back to his car, Officer Davis testified he first heard, and then observed, a vehicle travelling toward him at an excessive speed. Officer Davis signalled with his flashlight for the car to stop.
 
 
 3
 After the car came to a halt, Officer Davis approached the driver from the driver's side of the car and shined his flashlight into the vehicle. Officer Davis testified that at that point he saw a purple Crown Royal bag sticking out of the waistband of the driver's green sweatpants. Officer Davis could not, however, see inside the bag. Officer Davis asked for the driver's license, which identified the driver as Patrick Mondie. When the driver leaned toward Officer Davis to hand him the license, Officer Davis testified he was able to see inside the Crown Royal bag. The bag contained some smaller plastic bags with a white substance inside. Officer Davis recognized the substance as crack cocaine, so he reached inside the car and grabbed the bag out of the driver's waistband. Officer Davis then arrested defendant. Subsequent tests revealed that the Crown Royal bag contained 85 grams of crack.
 
 
 4
 The police lieutenant who responded to the scene required that the officers fill out their arrest reports at the scene. Officer Davis wrote a two-page report, but the report stated only that he had seen a Crown Royal bag inside defendant's waistband, not that he had seen crack inside the bag. Officer Davis would later testify that he accidently omitted that information from the report. The day after the arrest, Officer Davis swore out a criminal complaint against defendant in federal court. The affidavit attached to the complaint does state that Officer Davis observed smaller bags containing a white substance inside the Crown Royal bag.
 
 
 5
 Defendant moved to suppress the evidence, arguing both that Officer Davis did not have reasonable cause to believe that defendant was speeding and that Officer Davis was not actually able to see the crack inside the Crown Royal bag. Crown Royal bags come in different sizes. According to defendant, the Crown Royal bag in his waistband was a large size bag, and the crack only filled the bag half way. Thus, he asserts the crack could not have been visible through the top of the Crown Royal bag, especially as it was inside defendant's waistband.
 
 
 6
 The District Court referred defendant's motion to a magistrate judge, who held an evidentiary hearing on the matter. Officer Davis disputed defendant's contention regarding the size of the bag, arguing that the bag he seized was a small size bag. Due to a mix-up in the police property room, however, the government was not able to produce the Crown Royal bag seized from defendant. Defendant did, however, introduce a sample large size Crown Royal bag. The magistrate judge found that, while the traffic stop was proper, the crack cocaine was not in plain view. Accordingly, he recommended that the District Court suppress the evidence.
 
 
 7
 At the government's request, the District Court itself held a second evidentiary hearing on defendant's motion. The testimony at this hearing was substantially the same as in the hearing before the magistrate judge. This time, however, the government was able to produce the actual Crown Royal bag seized from defendant. It had been misplaced in the police property room, but the chain of custody was intact.
 
 
 8
 The actual bag was a small size bag, and the District Court found that the crack seized from defendant would fill the bag. The District Court concluded that the size of the bag supported Officer Davis' version of the story and undercut defendant's credibility. Consequently, the District Court found that the crack was in plain view and that Officer Davis properly seized it. The court thus denied defendant's motion to suppress.
 
 II.
 
 9
 When reviewing the denial of a motion to suppress evidence, the appellate court must consider the evidence in the light most favorable to the government. See United States v. Williams, 962 F.2d 1218, 1221 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992). This court applies the clearly erroneous standard to findings of fact when reviewing the ruling of a district court on a motion to suppress, id., but reviews conclusions of law de novo, id.
 
 
 10
 On appeal, defendant challenges two factual findings of the District Court: whether Officer Davis had a reasonable belief that defendant was speeding and whether the crack was in plain view. Because these are factual findings, we review them only for clear error. We will not overturn them unless, after reviewing the evidence, we are left with a definite and firm conviction that the District Court erred.
 
 
 11
 The District Court's findings essentially rest on a credibility determination: who told the truth--Officer Davis or defendant? The District Court was in the best position to make this finding, as it presided over the hearing and observed the witnesses' demeanor. In addition, as the District Court explicitly stated, the size of the Crown Royal bag supported Officer Davis' testimony as opposed to defendant's. Consequently, we do not believe the District Court clearly erred, and we will not reverse its denial of defendant's motion to suppress.
 
 III.
 
 12
 For the foregoing reasons, we AFFIRM the District Court's judgment.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation